MICHAEL BAILEY
United States Attorney
District of Arizona
NICOLE P. SAVEL
State Bar No. 015958
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nicole.savel@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 20-02634-TUC-RM |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM |
| Rene Christopher Bracamonte, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys, MICHAEL BAILEY, United States Attorney for the District of Arizona, and NICOLE P. SAVEL, Assistant U.S. Attorney, and respectfully submits the following Sentencing Memorandum. Sentencing is currently set for Wednesday, February 10, 2021, before the Honorable Rosemary Márquez.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTS:**

The government adopts and hereby incorporates by reference, the statement of facts found in the Pre-Sentence Report (PSR) prepared for this defendant.

For this case, the PSR calculated a total offense level of 12 and placed the defendant in Criminal History Category II, resulting in a Guideline Range of imprisonment of 12 to 18 months. PSR ¶¶ 26 and 32. The plea agreement stipulates that the defendant shall receive a six-month term of imprisonment, with a term of supervised release to be

determined by the Court. The supervised release term will include special conditions prohibiting the defendant from having direct or indirect contact with the victim in the case and attending events involving United States Secret Service protectees. At the time of sentencing, the United States will not object to the defendant's motion for a variance under 18 U.S.C. § 3553(a) to allow for a six-month term of imprisonment.

The PSR recommends a 12-month sentence of imprisonment, with three years of supervised release to follow. According to the PSR, the defendant will have served 169 days of presentence detention at the time of sentencing. *See* PSR, page 1, Release Status.

The defendant made no objections to any of the facts or calculations contained in the PSR.

The government also has no objections to the facts or calculations in the PSR and now files its sentencing recommendation.

**DISCUSSION:**

The PSR correctly calculated the defendant's total offense level and criminal history category and identified the advisory Guideline sentencing ranges for the defendant. However, the government respectfully disagrees with the PSR recommendation for a 12-month term of imprisonment and requests that the Court sentence the defendant pursuant to the plea agreement to a six-month term of imprisonment, three years of supervised release, and the terms and special conditions included in the PSR.

The defendant pleaded guilty pursuant to a plea agreement to an Information, charging him with a violation of Title 18, United States Code, Section 871(a), Threats against President and Successors to the Presidency. As the PSR details, on August 11, 2020, Vice President Michael Pence was present at an event at the Westin La Paloma Hotel and Resort located in Tucson, Arizona. While the Vice President was on stage delivering remarks to an audience, a male subject, later identified as the defendant, was seen on a public access road leading into the resort. PSR ¶ 6. Within 20 to 25 yards of three military members posted to the access road for security purposes, the defendant stated, "F*** the V.P., I'll shoot that n***** too." *Id*. The defendant brandished a gun and waved it in the

air.  *Id*.  The defendant also filmed himself at the resort that day and posted the video to Facebook, where he stated, "Supposedly that is the Vice President here, if I wanted to, I could smoke the n*****. F*** the Vice President, f*** the President, f*** the PD, f*** all of these n*****s. You feel me."  PSR ¶ 7.  A subsequent search of the residence the defendant resided at with his mother revealed firearms (lawfully) owned by the defendant, including the pistol he waved in the air at the resort.  PSR ¶ 11.

In aggravation, the defendant has three prior misdemeanor convictions for marijuana use/possession (2012), failure to appear (2009), and misconduct involving a weapon (2012). PSR ¶¶ 29-30.  Just over a week prior to the present offense, the defendant was cited for DUI/Extreme DUI and that case is pending. PSR ¶ 34.  In mitigation, at the detention hearing, there were statements made that the defendant had been in a downward spiral due to a recent death of someone close to him.  His misdemeanor criminal violations prior to August 2020 were several years ago, and he had been gainfully employed since 2015, with just one month of unemployment due to the pandemic. PSR ¶¶ 48-50.  Additionally, the defendant suffers from substance abuse issues, and he admitted that he was under the influence of cocaine at the time of the offense. PSR ¶¶ 42-46.  The defendant's actions at the resort were dangerous and his reckless behavior posed a threat to the community, but at some point, release is inevitable, and he will need services and supervision to prevent further criminal conduct.

When imposing a sentence, a court shall consider the factors set forth in 18 USC § 3553(a). The government requests that the Court consider, among the factors, the defendant's criminal history and characteristics, and his offense conduct when imposing a sentence.  The government believes that a six-month sentence of imprisonment is sufficient in this case to satisfy the § 3553(a) factors, in part because the defendant doesn't appear to have served more than approximately one day in jail for his previous misdemeanor convictions and appears to have successfully completed prior probationary terms.  PSR ¶¶ 28-30.  Additionally, he accepted responsibility for his actions, expressed remorse, and apologized.  PSR ¶ 16.  The government recommends that the defendant be sentenced to

- 3 -

six-months' imprisonment and placed on supervised release for the maximum possible term of three years, to provide the defendant an opportunity to take full advantage of much-needed treatment, services and supervision.  Lastly, there is no restitution requested on behalf of the victim, who did not claim or report any financial losses suffered in this case.

**CONCLUSION:**

Based upon the foregoing, the government respectfully requests that the Court sentence the defendant according to the terms of the plea agreement.  The defendant has demonstrated that he needs the guidance, accountability and services that supervised release provides.  A sentence of six-months' imprisonment and three years of supervised release is sufficient to reflect the seriousness of the offense, promote respect for the law, and serve to deter the defendant from committing further crimes.

Respectfully submitted this 4th day of February 2021.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Nicole P. Savel*

NICOLE P. SAVEL
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 4th day of February 2021 to:

Jay Sagar, AFPD

- 4 -